#### OF THE

## STATE OF LOUISIANA.

———◆0◆———

### WESTERN DISTRICT.... OCTOBER TERM, 1828.

———◄0►———

*DALE* vs. *DOWNS*,

The jury
may seal
their verdict,
and return it
into court.
Interest can-
not be added
by the court,
to the ver-
dict.

APPEAL from the court of the 7th district—the judge of the fifth presiding.

MATHEWS, J. delivered the opinion of the court. In this case the plaintiff claims from the defendant, seven hundred dollars, and interest, &c. as being due to him on a contract for work and labour in building a house for the latter. The cause was submitted to a jury who found a verdict in favour of the former for the sum of 663 dollars. On this verdict the judge *a quo* rendered judgment to the

amount of the verdict, with interest thereon at the rate of five per cent. per annum from the judicial demand; from which the defendant appealed.

The whole evidence comes up on the record, together with the judicial proceedings which took place in the court below. From these matters the appellant has attempted to deduce several errors, on which he relies, to cause a reversal of the judgment rendered by the district court. The three first of them relate to the manner in which the jury made their verdict and returned it into court. They were left under the care of a constable, and did not return their verdict until the day subsequent to that on which it was agreed on. The judge directed that it should be sealed; it appears to have been regularly received in open court. In this proceeding, we are unable to discover any error which ought to be considered fatal to the verdict thus rendered.

The fourth error assigned has reference to the judgment. It is contended that interest was improperly allowed, not being supported by the verdict. We are of opinion the judge *a quo* erred in allowing the interest of which the appellant complains. The judgment in this respect did not pursue the verdict on

which it purports to be based, for by it no interest was given.   In aid of this opinion see *vol.* 5, *p.* 448.

There are two other  grounds of error suggested, which we deem wholly untenable. But the judgment of the district court must be reversed, on account of the mistake in relation to the interest allowed.

It is, therefore, ordered, adjudged, and decreed, that the judgment of the district court be avoided, reversed, and annulled : And proceeding  here to give such judgment as, in our opinion, ought to  have been given—it is further ordered, adjudged, and decreed, that judgment be rendered for the plaintiff and appellee, against the defendant and appellant, for the sum of six hundred and sixty-three dollars:   And it is further ordered that the appellee pay the  costs of this appeal ; those of the lower court to be borne by the appellant,

*Winn & Scott* for the plaintiff—*Flint & Downs* for the defendant.